UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEROME OLLISON,

        Petitioner,

                                                     Civil No. 05-10310
v.                                                  Honorable David M. Lawson

CARMEN PALMER,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

Jerome Ollison, currently incarcerated at the Riverside Correctional Facility in Ionia, Michigan, has filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that he is incarcerated in violation of his constitutional rights. The petitioner was convicted of first-degree murder following a jury trial in the Oakland County, Michigan circuit court in 2002 and was sentenced to life imprisonment without the possibility of parole. In his pleadings, the petitioner raises two claims: one concerning the voluntariness of his confession and one based on double jeopardy. The respondent has filed an answer to the petition asserting that it should be dismissed as untimely under the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1). After carefully reviewing this claim, the Court concludes that the petition was filed after the applicable statute of limitation had expired and that the late petition cannot be saved by the doctrine of equitable tolling. The Court, therefore, will dismiss the petition.

I.

The petitioner was convicted of murdering his 73-year-old neighbor, Florine York, at her home in Southfield, Michigan on February 23, 2001. According to the testimony of the State's medical examiner, the victim received multiple stab wounds on the front, back, chin and neck of her

body, and she also suffered multiple bruises and lacerations, fractures of the ribs, and contusions on the brain. The petitioner told the police that he hit Ms. York because the hot cocoa that she prepared for him was too hot. The petitioner hit her with the chair, the victim tried to retaliate, and the petitioner hit her with a chair seat in her face. Thereafter, the petitioner left the house, and when he returned two days later, the victim appeared still alive. At that point, according to the petitioner, he stabbed the victim multiple times to cover up the assault, which led to her death. A state court jury convicted the petitioner of both first-degree premeditated murder and felony murder (with the underlying felony of first-degree home invasion) on February 12, 2002. He was sentenced to life imprisonment without the possibility of parole on both counts on March 13, 2002.

Following sentencing, the petitioner filed a direct appeal in the Michigan Court of Appeals asserting that his confession was involuntary and should have been suppressed, and his convictions and sentences for both first-degree premeditated murder and felony murder violated the Double Jeopardy Clause. The Michigan Court of Appeals affirmed his first-degree murder conviction, but remanded the case for correction of the judgment of sentence to indicate that the petitioner was convicted of one count of first-degree murder under alternative theories and to reflect one sentence of life imprisonment without the possibility of parole. *See People v. Ollison,* No. 241426, 2003 WL 22399501 (Mich. Ct. App. Oct. 21, 2003) (unpublished). The petitioner filed an application for leave to appeal in the Michigan Supreme Court, which was denied on April 30, 2004. *See People v. Ollison*, 470 Mich. 860, 680 N.W.2d 419 (2004).

The petitioner signed his federal petition for a writ of habeas corpus on November 10, 2005. The respondent filed an answer to the petition on June 15, 2006 asserting that the petition should be

dismissed as untimely under the one-year statute of limitations applicable to federal habeas actions. The petitioner has filed a reply asserting that the one-year period should be equitably tolled.

II.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, became effective on April 24, 1996, and it governs the filing date for the habeas application in this case because petitioner filed his petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA amended 28 U.S.C. § 2244 to include a new, one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. *See Vroman v. Brigano*, 346 F.3d 598, 601 (6th Cir. 2003). The one-year statute of limitations runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). A habeas petition filed outside the time period prescribed by this section must be dismissed. *See Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000), *overruled on other grounds, Abela v. Martin*, 348 F.3d 164, 172-73 (6th Cir. 2003) (dismissing a habeas case filed thirteen days after the limitations period expired as untimely); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002) (dismissing a petition filed beyond a one-year period as untimely).

In this case, the Michigan Supreme Court denied leave to appeal on April 30, 2004. The petitioner then had ninety days in which to seek a writ of certiorari from the United States Supreme Court. *See* Rule 13(1), Supreme Court Rules. Therefore, his conviction became final on July 29, 2004. *See Lawrence v. Florida*, 549 U.S. 327 (2007) (noting that the time for seeking direct review of a state court conviction includes the time for seeking a writ of certiorari with the United States Supreme Court). Accordingly, the petitioner was required to file his federal habeas petition on or before July 29, 2005, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

The petitioner did not sign his federal habeas petition until November 10, 2005, more than three months after the expiration of the one-year period. His federal habeas petition therefore is untimely. The petitioner does not allege facts to show that the State created an impediment to filing his habeas petition or that his claims are based upon newly-created rights or newly-discovered facts. Consequently, his habeas petition is barred by the statute of limitations set forth in 28 U.S.C. § 2244(d).

The United States Court of Appeals for the Sixth Circuit has determined that the one-year limitations period can be subject to equitable tolling. *See Griffin v. Rogers*, 308 F.3d 647, 652 (6th Cir. 2002). In *Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001), the Sixth Circuit held that the test to determine whether equitable tolling of the habeas limitations period is appropriate is the five-factor analysis set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988). The factors which the Court is to consider are:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008. A petitioner has the burden of demonstrating that he is entitled to equitable tolling. *Griffin*, 308 F.3d at 653. "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

The petitioner asserts that he is entitled to equitable tolling because he suffers from mental health problems and was undergoing psychiatric treatment from November 18, 2004 through August 16, 2005 while incarcerated at the Huron Valley Men's Facility. Possible mental illness is not an automatic reason to toll the statute of limitations for filing a federal habeas petition. *See Brown v. McKee*, 232 F. Supp. 2d 761, 767-68 (E.D. Mich. 2002). Rather, mental illness is a basis for equitable tolling of a limitations period only in extreme circumstances. *See Simpson v. Wolfenbarger*, 2006 WL 416189, *5 (E.D. Mich. Feb. 21, 2006). Further, the alleged mental condition must have affected the petitioner's ability to file a habeas petition timely. *Brown*, 232 F. Supp. 2d at 767-68 (citing cases). The petitioner bears the burden of showing that mental health problems rendered him unable to file a habeas petition within the one-year period. *Id.*

Although the petitioner states that he has some mental health ailments for which he receives psychiatric treatment and medications, he has not established that his mental condition impeded his ability to seek habeas review of his convictions on a timely basis. The record reveals that the petitioner was competent to stand trial and pursued his appellate rights in a timely manner. He also wrote a letter to the Michigan Supreme Court in March of 2005, while he was under psychiatric care at the Huron Valley Men's Facility, seeking appointment of counsel and inquiring about further (Supreme Court) review of his convictions. The fact that the petitioner was able to take such action,

and has been able to proceed before this Court while under the same mental condition indicates that the state of his mental health did not preclude him from managing his legal affairs and acting upon them during the relevant time period. *See Brown*, 232 F. Supp. 2d at 768. Moreover, the medical documents attached to the petitioner's pleadings do not indicate that his mental health was so impaired or uncontrolled with medications during the relevant time period that he was unable to pursue his legal remedies. The petitioner has failed to establish that his mental condition and treatment prevented him from timely seeking federal habeas review. Equitable tolling is therefore not warranted on such a basis.

The petitioner also asserts that he is entitled to equitable tolling because he was not given access to legal materials and assistance from the legal writer's program while confined at the Huron Valley Men's Facility. However, the fact that the petitioner is untrained in the law, may have been proceeding without a lawyer or other legal assistance, or may have been unaware of the statute of limitations for a period of time does not warrant tolling. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (ignorance of the law does not justify tolling); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) (holding that "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing"); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling). Moreover, the record indicates that the petitioner asserts the same claims in his habeas petition that he raised on direct appeal of his convictions in the state courts. The petitioner has not shown that additional legal research or assistance was required to enable him to file his federal habeas petition.

Lastly, the petitioner asserts that he is entitled to equitable tolling because the Michigan Supreme Court Deputy Clerk misled him about his legal remedies in response to his letter in March

of 2005. Contrary to the petitioner's assertion, the record indicates that the court clerk did not misadvise him about his legal proceedings, but merely provided him with the address for the United States Supreme Court. The court clerk did not discuss federal habeas review, and the clerk was under no obligation to provide the petitioner with legal advice. Given the circumstances of this case, the Court concludes that the petitioner is not entitled to equitable tolling under *Dunlap*.

The Sixth Circuit has held that a credible claim of actual innocence may equitably toll the one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1). *See Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005); *see also Holloway,* 166 F. Supp. 2d at 1190. As explained in *Souter,* to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. Petitioner has made no such showing. A contention that his habeas claims have merit does not state a claim of actual innocence – nor does it justify tolling the limitations period. *See Holloway*, 166 F. Supp. 2d at 1191. Petitioner has failed to demonstrate that he is entitled to equitable tolling of the one-year period.

III.

The Court concludes that the petition for a writ of habeas corpus was not filed within the time permitted by 28 U.S.C. § 2244(d). The Court finds that the petitioner has not established that he is entitled to equitable tolling of the one-year period of limitations. Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DISMISSED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   December 31, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 31, 2008.

s/Susan K. Pinkowski
SUSAN K. PINKOWSKI

---